IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

J.H., on behalf of her minor child, J.P., *et al.*,

vs.                                                                              Civ. No. 13-0641 MCA/SMV

THE BOARD OF EDUCATION,
ALBUQUERQUE PUBLIC SCHOOLS DISTRICT,
*et al.*,

## **ORDER**

This case is before the Court upon Defendant Board of Education of the Albuquerque Public Schools' *Motion to Dismiss Plaintiffs' S.G. and B.M.'s Complaint.* [Doc. 35] The Court has considered the Motion, Plaintiffs' Response, and Defendant's Reply, the record in this case and the applicable law, and is otherwise fully advised. Defendant seeks dismissal of Plaintiffs' complaint on the ground that Plaintiffs have failed to exhaust their remedies under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400, *et seq* ("IDEA").

As initial procedural matters, the Court notes that (1) Plaintiffs no longer seek class certification;  and (2) the instant motion does not address the claims of Plaintiff J.H., suing on behalf of her minor child.

The Court understands Defendant's motion as a facial challenge to the complaint pursuant to Fed. Civ. P. Rule 12(b)(1).  *Holt v. United States*,  46 F.3d 1000, 1002 (10th

Cir. 1995). In considering a facial challenge to jurisdiction, the Court accepts the well-pleaded allegations of the complaint as true. *Id.*

Section 1415(l) provides that "[n]othing in this title shall be construed to restrict or limit the rights, procedures, and remedies available under . . . Americans with Disabilities Act of 1990, . . . *except that before the filing of a civil action under such laws seeking relief that is also available under this part, the procedures under subsections (f) and (g) [of § 1415] shall be exhausted to the same extent as would be required had the action been brought under this part.*" (Emphasis added). Under current Tenth Circuit precedent, exhaustion of administrative remedies is a jurisdictional requirement. *Muskrat v. Deer Creek Pub. Sch.*, 715 F.3d 775, 783 (10th Cir. 2013). Although Plaintiffs seek relief under the ADA rather than the IDEA, they are required to "plead and show either [1] that [they] [have] exhausted [their] administrative remedies under the IDEA or [2] that the relief [they] [are] seeking is not available under the IDEA." *Cudjoe v. Indep. Sch. Dist. No. 12*, 297 F.3d 1058, 1063 (10th Cir. 2002). As Plaintiffs have not alleged exhaustion of their IDEA remedies, their complaint must be dismissed unless the Court is persuaded that the relief Plaintiffs seek is not available under the IDEA. In determining whether the relief Plaintiffs seek is not available under the IDEA, "[t]he question is whether the IDEA administrative process can redress the alleged problems in any degree, regardless of whether it is the redress the plaintiff seeks." *Muskrat*, 715 F.3d at 785.

Plaintiff S.G. is the mother of H.G., who at the time material to the allegations of the complaint was a twelve year old boy attending Jimmy Carter Middle School. H.G. suffers from a number of conditions that potentially affect his behavior in school. [Doc.

1-1, ¶ 6] Plaintiff B.M. is the mother of M.M., who at the time material to the allegations of the complaint was an eleven year old boy attending Governor Bent Elementary School. M.M. suffers from a number of conditions that potentially affect his behavior in school. [Doc. 1-1, ¶ 9] H.G. and M.M. each were being educated under an IEP and a BIP. [Doc. 1-1, ¶¶ 51, 67] The circumstances alleged in ¶¶ 60-64 led APS to suspend H.G. for two days. These circumstances also led to H.G. being charged with battery on school personnel and battery. The circumstances alleged in ¶¶ 70-72 led to M.M. being charged with assaulting a school employee (great bodily harm), a fourth degree felony.

It is apparent from the allegations of the complaint that the IDEA may afford Plaintiffs relief. Specifically, Plaintiffs allege that H.G. was placed in a therapeutic hold in violation of the terms of H.G.'s BIP and that an APS employee attempted to "grab" M.M. contrary to his BIP. Complaints regarding the implementation of a child's IEP may be the subject of a due process hearing. *Muskrat*, 715 F.3d at 782-83; *see also Couture v. Bd. of Educ. of Albuquerque Public Sch.*, 535 F.3d 1243, 1248 (10th Cir. 2008) (describing administrative complaint challenging implementation of child's BIP with respect to "inappropriate reliance upon timeouts and physical restraint"). As previously noted, "[t]he question is whether the IDEA administrative process can redress the alleged problems in any degree, regardless of whether it is the redress the plaintiff seeks." *Muskrat*, 715 F.3d at 785. An administrative decision requiring APS to fully comply with the children's BIPs conceivably could prevent or reduce future incidents of physical resistance provoked by allegedly inappropriate behavioral intervention techniques.

For the reasons set out above, the Court will grant Defendant's motion.

**WHEREFORE, IT HEREBY IS ORDERED** that Defendant Board of Education of the Albuquerque Public Schools' *Motion to Dismiss Plaintiffs' S.G. and B.M.'s Complaint.* [Doc. 35] is **granted**, and the Complaint **dismissed without prejudice** as to S.G. on behalf of her minor child H.G., and B.M. on behalf of her minor child M.M.

So ordered this 17th day of February, 2015.

_____
M. CHRISTINA ARMIJO
Chief United States District Judge